# Enslen Development Company *v.* Ben F. Barbour Plumbing & Electric Co.

## *Assumpsit.*

(Decided November 7, 1914.  66 South. 514.)

1. *Pleading; Demurrer.*—A plea interposed to a complaint as a whole, setting up the three year statute of limitations, was subject to demurrer where a stated account was declared on in some of the counts, the limitations set up not applying thereto.

2. *Appeal and Error; Finding of Court; Conclusiveness.*—A judgment of a trial court sitting without a jury will not be disturbed on appeal when supported by sufficient evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

.[Enslen Development Co. v. Ben F. Barbour Plumbing & Electric Co.]

Assumpsit by the Ben F. Barbour Plumbing & Electric Company against the Enslen Development Company. Judgment for plaintiff and defendant appeals. Affirmed.

CLARK WILLIAMS, for appellant.

SAMUEL WILL JOHN, for appellee.

MAYFIELD, J.—This was an action in assumpsit. Some counts declared on an account stated, and some on an open account.

The defendant interposed a number of pleas, among which was plea 5, the statute of limitations of three years. It was interposed to the complaint as a whole, and of course was no answer to the counts declaring on a stated account, as to which the statute requires six years in order to bar action. The court therefore properly sustained the demurrer to this plea.

The trial was had by the judge without the intervention of a jury, and a general exception was reserved to the judgment and finding of the trial judge. No special finding of facts was requested or had.

There was ample evidence to support the judgment for the plaintiff, which was rendered, and hence the defendant can take nothing by its assignments as to the rendition of the judgment. We cannot agree with appellant that there was no evidence of an account stated. We think there was ample evidence to support a finding on these counts.

We have carefully examined all the adverse rulings as to the admission and rejection of evidence, and we find no error which was not subsequently cured. There being no jury to be misled or erroneously charged or instructed, we cannot apply the same rules touching the

admission and rejection of evidence. The judge, of course, has to have the proposed evidence before he can pass on its admissibility and relevancy.

The exceptions to the rulings on evidence are too general. There was an attempt later to point out the particular parts of the evidence, as to which objections were interposed and exceptions reserved, but we have examined each one attempted to be pointed out, and find no reversible error in any of the rulings on the evidence.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.